192.   The State of Georgia is entitled to a penalty of not less than $5,000 and not more than $11,000 for each and every violation or false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendant.

## COUNT VIII

### (Hawaii False Claims Act; Haw. Rev. Stat. §661-21(a))

193.   The allegations contained in the above paragraphs are hereby re-alleged and as set forth fully above.

194.   This is a claim for treble damages and penalties under the Hawaii False Claims Act.

195.   By virtue of the acts described above, Defendant knowingly presented or caused to be presented, false or fraudulent claims to the Hawaii State Government for payment or approval.

196.   By virtue of the acts described above, Defendant knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce the Hawaii State Government to approve and pay such false and fraudulent claims.

197.   The Hawaii State Government, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendant, paid and continues to pay the claims that would not be paid but for Defendant's illegal off-label marketing practices and illegal inducements.

198.   By reason of the Defendant's acts, the State of Hawaii has been damaged, and continues to be damaged, in substantial amount to be determined at trial.

199.   The State of Hawaii is entitled to the maximum penalty of $10,000 for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendant.

## COUNT IX

**(Illinois Whistleblower Reward And Protection Act; 740 Ill. Comp. Stat. §175/3(a)(1), (2))**

200.   The allegations contained in the above paragraphs are hereby re-alleged and as set forth fully above.

201.   This is a claim for treble damages and penalties under the Illinois Whistleblower Reward And Protection Act.

202.   By virtue of the acts described above, Defendant knowingly presented or caused to be presented, false or fraudulent claims to the Illinois State Government for payment or approval.

203.   By virtue of the acts described above, Pharmacia knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce the Illinois State Government to approve and pay such false and fraudulent claims.

204.   The Illinois State Government, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendant, paid and continues to pay the claims that would not be paid but for Defendant's illegal off-label marketing practices and illegal inducements.

205.   By reason of the Defendant's acts, the State of Illinois has been damaged, and continues to be damaged, in substantial amount to be determined at trial.

206.   The State of Illinois is entitled to the maximum penalty of $11,000 for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendant.

## COUNT IX

**(Indiana False Claims and Whistleblower Protection; Ind. Code § 5-11-5.5-1 et seq.}**

207. The allegations contained in the above paragraphs are hereby re-alleged and as set forth fully above.

208. This is a claim for treble damages and penalties under the Indiana False Claims and Whistleblower Protection Act.

209. By virtue of the acts described above, Defendant knowingly presented or caused to be presented, false or fraudulent claims to the Indiana State Government for payment or approval.

210. By virtue of the acts described above, Defendant knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce the Indiana State Government to approve and pay such false and fraudulent claims.

211. The Indiana State Government, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendant, paid and continues to pay the claims that would not be paid but for Defendant's illegal off-label marketing practices and illegal inducements.

212. By reason of the Defendant's acts, the State of Indiana has been damaged, and continues to be damaged, in substantial amount to be determined at trial.

213. The State of Indiana is entitled to a penalty of at least $5,000 for each and every violation or false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendant.

## COUNT X

### (Louisiana False Claims Act; La. Rev. Stat. Ann. § 46:437.1 et seq.)

214. The allegations contained in the above paragraphs are hereby re-alleged and as set forth fully above.

215.   This is a claim for treble damages and penalties under the Louisiana False Claims Act.

216.   By virtue of the acts described above, Defendant knowingly presented or caused to be presented, false or fraudulent claims to the Louisiana State Government for payment or approval.

217.   By virtue of the acts described above, Defendant knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce the Louisiana State Government to approve and pay such false and fraudulent claims.

218.   The Louisiana State Government, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendant, paid and continues to pay the claims that would not be paid but for Defendant's illegal off-label marketing practices and illegal inducements.

219.   By reason of the Defendant's acts, the State of Louisiana has been damaged, and continues to be damaged, in substantial amount to be determined at trial.

220.   The State of Louisiana is entitled to a penalty of not more than $10,000 for each and every violation or false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendant.

### COUNT XI

### (Massachusetts False Claims Law; Mass. Gen. Laws ch. 12 §5B(1), (2))

221.   The allegations contained in the above paragraphs are hereby re-alleged and as set forth fully above.

222.   This is a claim for treble damages and penalties under the Massachusetts False Claims Law.

223.   By virtue of the acts described above, Defendant knowingly presented or caused to be

presented, false or fraudulent claims to the Massachusetts State Government for payment or approval.

224.    By virtue of the acts described above, Defendant knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce the Massachusetts State Government to approve and pay such false and fraudulent claims.

225.    The Massachusetts State Government, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendant, paid and continues to pay the claims that would not be paid but for Defendant's illegal off-label marketing practices and illegal inducements.

226.    By reason of the Defendant's acts, the Commonwealth of Massachusetts has been damaged, and continues to be damaged, in substantial amount to be determined at trial.

227.    The Commonwealth of Massachusetts is entitled to the maximum penalty of $10,000 for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendant.

## COUNT XII

### (Michigan Medical False Claims Act; 11 MCL § 400.611 et seq., Mich. Public Act 337 (2005))

228.    The allegations contained in the above paragraphs are hereby re-alleged and as set forth fully above.

229.    This is a claim for treble damages and penalties under the Michigan Medical False Claims Act.

230.    By virtue of the acts described above, Defendant knowingly presented or caused to be presented, false or fraudulent claims to the Michigan State Government for payment or approval.

231.  By virtue of the acts described above, Defendant knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce the Michigan State Government to approve and pay such false and fraudulent claims.

232.  The Michigan State Government, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendant, paid and continues to pay the claims that would not be paid but for Defendant's illegal off-label marketing practices and illegal inducements.

233.  By reason of the Defendant's acts, the State of Michigan has been damaged, and continues to be damaged, in substantial amount to be determined at trial.

234.  The State of Michigan is entitled to a penalty of not more than $10,000 for each and every violation or false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendant.

## COUNT XIII

### (Montana False Claims Act; Mont. Code Ann. § 17-8-401 et seq., 2005 Mont. Code, Ch. 465, HB 146)

235.  The allegations contained in the above paragraphs are hereby re-alleged and as set forth fully above.

236.  This is a claim for treble damages and penalties under the Montana False Claims Act.

237.  By virtue of the acts described above, Defendant knowingly presented or caused to be presented, false or fraudulent claims to the Montana State Government for payment or approval.

238.  By virtue of the acts described above, Defendant knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce the Montana State Government to approve and pay such false and fraudulent claims.

239.   The Montana State Government, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendant, paid and continues to pay the claims that would not be paid but for Defendant's illegal off-label marketing practices and illegal inducements.

240.   By reason of the Defendant's acts, the State of Montana has been damaged, and continues to be damaged, in substantial amount to be determined at trial.

241.   The State of Montana is entitled to a penalty of not more than $10,000 for each and every violation or false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendant.

## COUNT XIV

### (Nevada False Claims Act; Nev. Rev. Stat. Ann. §357.040(1)(a), (b), amended by 2007 Nevada Laws Ch. 454 (S.B. 529))

242.   The allegations contained in the above paragraphs are hereby re-alleged and as set forth fully above.

243.   This is a claim for treble damages and penalties under the Nevada False Claims Act.

244.   By virtue of the acts described above, Defendant knowingly presented or caused to be presented, false or fraudulent claims to the Nevada State Government for payment or approval.

245.   By virtue of the acts described above, Defendant knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce the Nevada State Government to approve and pay such false and fraudulent claims.

246.   The Nevada State Government, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendant, paid and continues to pay the claims that would not be paid but for Defendant's illegal off-

label marketing practices and illegal inducements.

247. By reason of the Defendant's acts, the State of Nevada has been damaged, and continues to be damaged, in substantial amount to be determined at trial.

248. The State of Nevada is entitled to the maximum penalty of $10,000 for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendant.

## COUNT XV

**(New Hampshire Medicaid Fraud and False Claims Act; NH Code § 167:61-b, et seq.)**

249. The allegations contained in the above paragraphs are hereby re-alleged and as set forth fully above.

250. This is a claim for treble damages and penalties under the New Hampshire Medicaid Fraud and False Claims Act.

251. By virtue of the acts described above, Defendant knowingly presented or caused to be presented, false or fraudulent claims to the New Hampshire State Government for payment or approval.

252. By virtue of the acts described above, Defendant knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce the New Hampshire State Government to approve and pay such false and fraudulent claims.

253. The New Hampshire State Government, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendant, paid and continues to pay the claims that would not be paid but for Defendant's illegal off-label marketing practices and illegal inducements.

254. By reason of the Defendant's acts, the State of New Hampshire has been damaged, and

continues to be damaged, in substantial amount to be determined at trial.

255.   The State of New Hampshire is entitled to a penalty of not less than $5,000 and not more than $10,000 for each and every violation or false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendant.

## COUNT XVI

**(New Jersey False Claims Act; Supplementing Title 2A of the New Jersey Statutes and Amending 2 P.L. 1968, c. 413 (N.J.S.A. 2A:32C-1), signed by Governor April 15, 2008)**

256.   The allegations contained in the above paragraphs are hereby re-alleged and as set forth fully above.

257.   This is a claim for treble damages and penalties under the New Jersey False Claims Act.

258.   By virtue of the acts described above, Defendant knowingly presented or caused to be presented, false or fraudulent claims to the New Jersey State Government for payment or approval.

259.   By virtue of the acts described above, Defendant knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce the New Jersey State Government to approve and pay such false and fraudulent claims.

260.   The New Jersey State Government, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendant, paid and continues to pay the claims that would not be paid but for Defendant's illegal off-label marketing practices and illegal inducements.

261.   By reason of the Defendant's acts, the State of New Jersey has been damaged, and continues to be damaged, in substantial amount to be determined at trial.

262.   The State of New Jersey is entitled to a penalty of not more than $10,000 for each and every violation or false or fraudulent claim, record or statement made, used, presented or

caused to be made, used or presented by Defendant.

### COUNT XVII

**(New Mexico Medicaid False Claims Act and Fraud Against Taxpayers Act; N.M. Code §
27-14-1, et seq. and § 44-9-1, et seq.)**

263.  The allegations contained in the above paragraphs are hereby re-alleged and as set forth
fully above.

264.  This is a claim for treble damages and penalties under the New Mexico Medicaid False
Claims Act and Fraud Against Taxpayers Act.

265.  By virtue of the acts described above, Defendant knowingly presented or caused to be
presented, false or fraudulent claims to the New Mexico State Government for payment
or approval.

266.  By virtue of the acts described above, Defendant knowingly made, used, or caused to be
made or used false records and statements, and omitted material facts, to induce the New
Mexico State Government to approve and pay such false and fraudulent claims.

267.  The New Mexico State Government, unaware of the falsity of the records, statements and
claims made, used, presented or caused to be made, used or presented by Defendant, paid
and continues to pay the claims that would not be paid but for Defendant's illegal off-
label marketing practices and illegal inducements.

268.  By reason of the Defendant's acts, the State of New Mexico has been damaged, and
continues to be damaged, in substantial amount to be determined at trial.

269.  The State of New Mexico is entitled to a penalty of not less than $5,000 and not more
than $10,000 for each and every violation or false or fraudulent claim, record or
statement made, used, presented or caused to be made, used or presented by Defendant.

## COUNT XVIII

### (New York State False Claims Act; New York State Fin. Law § 189)

270.    The allegations contained in the above paragraphs are hereby re-alleged and as set forth fully above.

271.    This is a claim for treble damages and penalties under the New York State False Claims Act, which applies retroactively.

272.    By virtue of the acts described above, Defendant knowingly presented or caused to be presented, false or fraudulent claims to the state of New York payment or approval.

273.    By virtue of the acts described above, Defendant knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce the state of New York to approve and pay such false and fraudulent claims.

274.    The state of New York, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendant, paid and continues to pay the claims that would not be paid but for Defendant's illegal off-label marketing practices and illegal inducements.

275.    By reason of the Defendant's acts, the state of New York has been damaged, and continues to be damaged, in substantial amount to be determined at trial.

276.    The state of New York is entitled to the maximum penalty of $12,000 for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendant.

## COUNT IXX

### (Oklahoma Medicaid False Claims Act; Okla. Code, Title 63, § 5053, et seq.)

277. The allegations contained in the above paragraphs are hereby re-alleged and as set forth fully above.

278. This is a claim for treble damages and penalties under the Oklahoma Medicaid False Claims Act.

279. By virtue of the acts described above, Defendant knowingly presented or caused to be presented, false or fraudulent claims to the Oklahoma State Government for payment or approval.

280. By virtue of the acts described above, Defendant knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce the Oklahoma State Government to approve and pay such false and fraudulent claims.

281. The Oklahoma State Government, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendant, paid and continues to pay the claims that would not be paid but for Defendant's illegal off-label marketing practices and illegal inducements.

282. By reason of the Defendant's acts, the State of Oklahomahas been damaged, and continues to be damaged, in substantial amount to be determined at trial.

283. The State of Oklahoma is entitled to a penalty of not less than $5,000 and not more than $10,000 for each and every violation or false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendant.

## COUNT XX

### (Rhode Island False Claims Act; § 9-1.1-1, et seq.)

284. The allegations contained in the above paragraphs are hereby re-alleged and as set forth fully above.

285. This is a claim for treble damages and penalties under the Rhode Island False Claims Act.

286. By virtue of the acts described above, Defendant knowingly presented or caused to be presented, false or fraudulent claims to the Rhode Island State Government for payment or approval.

287. By virtue of the acts described above, Defendant knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce the Rhode Island State Government to approve and pay such false and fraudulent claims.

288. The Rhode Island State Government, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendant, paid and continues to pay the claims that would not be paid but for Defendant's illegal off-label marketing practices and illegal inducements.

289. By reason of the Defendant's acts, the State of Rhode Island has been damaged, and continues to be damaged, in substantial amount to be determined at trial.

290. The State of Rhode Island is entitled to a penalty of not less than $5,000 and not more than $10,000 for each and every violation or false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendant.

**COUNT XXI**

**(Tennessee Medicaid False Claims Act; Tenn. Code Ann. §71-5-182(a)(1))**

291. The allegations contained in the above paragraphs are hereby re-alleged and as set forth fully above.

292. This is a claim for treble damages and penalties under the Tennessee Medicaid False Claims Law.

293. By virtue of the acts described above, Defendant knowingly presented or caused to be

presented, false or fraudulent claims to the Tennessee State Government for payment or approval.

294.   By virtue of the acts described above, Defendant knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce the Tennessee State Government to approve and pay such false and fraudulent claims.

295.   The Tennessee State Government, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendant, paid and continues to pay the claims that would not be paid but for Defendant's illegal off-label marketing practices and illegal inducements.

296.   By reason of the Defendant's acts, the State of Tennessee has been damaged, and continues to be damaged, in substantial amount to be determined at trial.

297.   The State of Tennessee is entitled to the maximum penalty of $10,000 for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendant.

## COUNT XXIII

### (Texas Medicaid Fraud Prevention Law; Tex. Hum. Res. Code Ann. §36.002)

298.   The allegations contained in the above paragraphs are hereby re-alleged and as set forth fully above.

299.   This is a claim for double damages and penalties under the Texas Medicaid Fraud Prevention Law.

300.   By virtue of the acts described above, Defendant knowingly presented or caused to be presented, false or fraudulent claims to the Texas State Government for payment or approval.

301.    By virtue of the acts described above, Defendant knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce the Texas State Government to approve and pay such false and fraudulent claims.

302.    The Texas State Government, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used Defendant's illegal off-label marketing practices and illegal inducements.

303.    By reason of the Defendant's acts, the State of Texas has been damaged, and continues to be damaged, in substantial amount to be determined at trial.

304.    The State of Texas is entitled to the maximum penalty of $15,000 for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendant.

## COUNT XXIV

### (Utah False Claims Act; Utah Stats. § 8.01-216.1, et seq.)

305.    The allegations contained in the above paragraphs are hereby re-alleged and as set forth fully above.

306.    This is a claim for treble damages and penalties under the Utah False Claims Act.

307.    By virtue of the acts described above, Defendant knowingly presented or caused to be presented, false or fraudulent claims to the Utah State Government for payment or approval.

308.    By virtue of the acts described above, Defendant knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce the Utah State Government to approve and pay such false and fraudulent claims.

309.    The Utah State Government, unaware of the falsity of the records, statements and claims

made, used, presented or caused to be made, used or presented by Defendant, paid and continues to pay the claims that would not be paid but for Defendant's illegal off-label marketing practices and illegal inducements.

310. By reason of the Defendant's acts, the State of Utah has been damaged, and continues to be damaged, in substantial amount to be determined at trial.

311. The State of Utah is entitled to a penalty of not more than $2,000 for each and every violation or false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendant.

## COUNT XXV

**(Virginia Fraud Against Taxpayers Act; Va. Code Ann. §8.01-216.3(a)(1), (2))**

312. The allegations contained in the above paragraphs are hereby re-alleged and as set forth fully above.

313. This is a claim for treble damages and penalties under the Virginia Fraud Against Taxpayers Act.

314. By virtue of the acts described above, Defendant knowingly presented or caused to be presented, false or fraudulent claims to the Virginia State Government for payment or approval.

315. By virtue of the acts described above, Defendant knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce the Virginia State Government to approve and pay such false and fraudulent claims.

316. The Virginia State Government, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendant, paid and continues to pay the claims that would not be paid but for Defendant's illegal off-

label marketing practices and illegal inducements.

317.   By reason of the Defendant's acts, the Commonwealth of Virginia has been damaged, and continues to be damaged, in substantial amount to be determined at trial.

318.   The Commonwealth of Virginia is entitled to the maximum penalty of $11,000 for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendant.

## COUNT XXVI

### (Wisconsin False Claims for Medical Assistance Act)

319.   The allegations contained in the above paragraphs are hereby re-alleged and as set forth fully above.

320.   This is a claim for treble damages and penalties under the Wisconsin False Claims for Medical Assistance Act.

321.   By virtue of the acts described above, Defendant knowingly presented or caused to be presented, false or fraudulent claims to the Wisconsin State Government for payment or approval.

322.   By virtue of the acts described above, Defendant knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce the Wisconsin State Government to approve and pay such false and fraudulent claims.

323.   The Wisconsin State Government, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendant, paid and continues to pay the claims that would not be paid but for Defendant's illegal off-label marketing practices and illegal inducements.

324.   By reason of the Defendant's acts, the State of Wisconsin has been damaged, and

continues to be damaged, in substantial amount to be determined at trial.

325.   The State of Wisconsin is entitled to a penalty of not less than $5,000 and not more than $10,000 for each and every violation or false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendant.

## COUNT XXVII

### (District of Columbia Procurement Reform Amendment Act; D.C. Stat. §2-308 .14, formerly D.C. Code Ann. §1-1188.14(a)(1), (2))

326.   The allegations contained in the above paragraphs are hereby re-alleged and as set forth fully above.

327.   This is a claim for treble damages and penalties under the District of Columbia Procurement Reform Amendment Act.

328.   By virtue of the acts described above, Defendant knowingly presented or caused to be presented, false or fraudulent claims to the District of Columbia Government for payment or approval.

329.   By virtue of the acts described above, Defendant knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce the District of Columbia Government to approve and pay such false and fraudulent claims.

330.   The District of Columbia Government, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendant, paid and continues to pay the claims that would not be paid but for Defendant's illegal off-label marketing practices and illegal inducements.

331.   By reason of the Defendant's acts, the District of Columbia has been damaged, and continues to be damaged, in substantial amount to be determined at trial.

332.   The District of Columbia is entitled to the maximum penalty of $10,000 for each and

every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff-Relator demands judgment for all of the following:

a) That this Court enter a judgment against Defendant in an amount equal to three times the amount of damages the United States Government has sustained because of Defendant's misrepresentations and unlawful conduct;

b) That this Court enter a judgment against the Defendant for a civil penalty in the amount of $5,000 to $10,000 for each violation of 31 U.S.C. § 3729, including each individual violation of applicable federal regulations;

c) That Plaintiff-Relator be awarded punitive damages in an amount to be determined by jury, which shall dissuade the Defendant and others from similar action;

d) That Plaintiff-Relator be awarded all reasonable expenses, attorneys fees and costs, pursuant to 31 U.S.C. § 3730 subsection (d) (1) (b) and subsection (d) (2);

e) That in the event the United States Government continues to proceed with this action, the Plaintiff-Relator be awarded an amount for bringing this action of at least 15% but not more than 25% of the proceeds of any award or the settlement of the claims;

f) That in the event that the United States Government does not proceed with this action, the Plaintiff-Relator be awarded an amount that the Court decides is reasonable for collecting the civil penalty and damages, which shall be not less than 25% nor more than 30% of the proceeds of any award or settlement;

g) That this Court enter judgment against Defendant in an amount equal to three times the amount of damages that each State and the District of Columbia have sustained, respectively, because of Defendant's actions, plus statutory civil penalties for each violation of each state statute and for each violation of the District of Columbia statute;

h) That the Plaintiff-Relator be awarded a Relator's share of each recovery obtained on behalf of each State and the District of Columbia, respectively, pursuant to any award or settlement, as appropriate, under the laws of each State and the District of Columbia;

i) That the Plaintiff-Relator be awarded all reasonable expenses, statutory attorney's fees and costs pursuant to each State statute and the District of Columbia's statute;

j) That the Plaintiff-Relator be awarded pre-judgment and post judgment interest as to all Counts;

k) That the Plaintiff-Relator be awarded all declaratory relief and injunctive relief as may be appropriate as to all Counts;

l) That a trial by jury be held on all issues;

m) That the United States Government, the various States, the District of Columbia, and the Plaintiff-Relator receive all relief both at law and at equity, to which they may reasonably appear to be entitled.

Pursuant to Rule 38, Fed. R. Civ. P., Mr. Richardson hereby demands a trial by jury.

**JURY TRIAL DEMANDED**

Respectfully submitted,

David K. Colapinto, BBO #551835

KOHN, KOHN & COLAPINTO, LLP
3233 P Street, N.W.
Washington, DC 20007-2756
Phone: (202) 342-6980
Fax:    (202) 342-6984
*Attorneys for Plaintiff-Relator, Daniel C. Richardson*

December 22, 2008

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing amended complaint was served on

this 22nd day of December, 2008, by first class mail, postage prepaid, upon:

Eve A. Piemonte Stacey
Assistant U.S. Attorney
One Courthouse Way, Suite 9200
Boston, MA  02210

Jessica S. Champa
Attorney, Civil Division
U.S. Department of Justice
P.O. Box 261
Ben Franklin Station
Washington, D.C.  20044

By:

David K. Colapinto